UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| TORRANCE V. BOYD, SR.<br>BOP #11229-017 | : | CIVIL ACTION NO. 14-cv-3123<br>SECTION P |
| VERSUS | : | JUDGE WALTER |
| C. MAIORANA | : | MAGISTRATE JUDGE KAY |

### REPORT AND RECOMMENDATION

Before the court is the *pro se* petition for a writ of *habeas corpus* filed pursuant to 28 U.S.C. § 2241 by petitioner Torrance V. Boyd, Sr. (hereinafter "Boyd"), an inmate in the custody of the Federal Bureau of Prisons. He is currently incarcerated at the Federal Correctional Institute in Oakdale, Louisiana (hereinafter "FCIO").

This matter was referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the court. For the following reasons it is recommended that the petition be **DISMISSED WITH PREJUDICE**.

### I.
#### BACKGROUND

Boyd pleaded guilty to conspiracy to distribute cocaine/controlled substance, and possession of marijuana. Doc. 1, p. 1. In 2005 he was sentenced in the United States District Court for the Southern District of Florida to 180 months imprisonment. *Id.* Boyd appealed the judgment of conviction and sentence which was affirmed by the United States Court of Appeal for the Eleventh Circuit on March 2, 2006. Doc. 1, p. 2.

On October 28, 2014, Boyd filed the instant *habeas* petition pursuant to 28 U.S.C. § 2241, claiming that he was wrongly classified and sentenced as a career offender. Doc. 1, att. 1, p. 4.

Specifically, he alleges that his sentence was above the applicable statutory maximum and that his Florida offense was not categorically an aggravated felony. Doc. 1, att. 1, pp. 3-4

## II.
### LAW AND ANALYSIS

As an initial matter we must determine whether Boyd's claims are properly raised in a *habeas* petition under 28 U.S.C. § 2241. Generally, a collateral attack on a federal criminal conviction is limited to a motion to correct, vacate, or set aside sentence under § 2255. *Tolliver v. Dobre,* 211 F.3d 876, 877 (5th Cir. 2000); *Cox v. Warden, Fed. Det. Ctr.*, 911 F.2d 1111, 1113 (5th Cir. 1990).

An application for writ of *habeas corpus* brought under § 2241 may be properly construed as a 28 U.S.C. § 2255 motion if it seeks relief based on errors that occurred at trial or sentencing. *Tolliver*, 211 F.3d at 877, 878. The savings clause of 28 U.S.C § 2255 permits a petitioner to seek *habeas* relief under § 2241 when the remedy provided under § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e); *see also Jeffers v. Chandler,* 253 F.3d 827, 830 (5th Cir. 2001); *Reyes–Requena v. United States,* 243 F.3d 893, 901 (5th Cir. 2001). A § 2241 petition is not, however, a substitute for a motion under § 2255, and the burden of demonstrating the inadequacy or ineffectiveness of § 2255 rests on the petitioner. *Jeffers,* 253 F.3d at 830.

A prisoner seeking such relief under the "savings clause" must establish: (1) that his claim is based on a retroactively applicable Supreme Court decision which establishes that he may have been convicted of a nonexistent offense, and (2) that his claim was foreclosed by circuit law at the time when the claim should have been raised in his trial, appeal, or first motion under § 2255. *Reyes-Requena*, 243 F.3d at 904. Boyd simply does not satisfy the criteria set forth above. As discussed, he argues that his sentence was wrongfully enhanced as he was illegally sentenced as a

career criminal.  He has pointed to no retroactively applicable Supreme Court decision which establishes that he was convicted of a nonexistent offense.

Boyd's reliance on *Descamps v. United States*, 133 S.Ct. 2276 (2013), is misplaced. The Supreme Court has unequivocally stated that "a new rule is not 'made retroactive to cases on collateral review' unless the Supreme Court holds it to be retroactive." *Tyler v. Cain*, 533 U.S. 656, 663 (2001). *Descamps* has not been declared retroactively applicable on collateral review. *See In re Jackson*, 776 F.3d 292, 296 (5th Cir. 2015)("Nothing in *Descamps* indicates that its holding announced a new rule that was constitutionally based, and *Descamps* did not announce that its holding applied retroactively to cases on collateral review.")

Further, the Fifth Circuit has consistently disallowed claims attacking sentence enhancements under the savings clause. *In re Bradford*, 660 F.3d 226, 230 (5th Cir. 2011).  A claim of actual innocence of a sentencing enhancement "is not a claim of actual innocence of the crime of conviction and, thus, not the type of claim that warrants review under Section 2241." *Bradford*, 660 F.3d at 230; *see also Kinder v. Purdy,* 222 F.3d 209, 213, 214 (5th Cir. 2000) (claim of actual innocence of a career-offender enhancement is not properly raised in § 2241 petition because petitioner is not claiming actual innocence of crime of conviction, only of the enhancement).

Based on the above, it is clear that Boyd cannot rely on the savings clause of § 2255 to bring this motion under § 2241.

### III.
#### CONCLUSION

Since Boyd has not met the savings clause requirements, his claims are not properly brought under § 2241, and this court lacks jurisdiction to consider his claims under § 2255.  In sum, he has failed to show that his 28 U.S.C. § 2255 remedies are ineffective and inadequate under the savings clause.

Accordingly,

**IT IS RECOMMENDED** that the petition for habeas corpus filed pursuant to 28 U.S.C. § 2241 be **DISMISSED WITH PREJUDICE** because the court lacks jurisdiction to consider these claims.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the District Judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Federal Rule of Civil Procedure 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir.  1996).

THUS DONE this 2nd day of September, 2015.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE